**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Randy Zemeckis, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11 C 704 |
| MiraMed Revenue Group, LLC, an Illinois limited liability company, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Randy Zemeckis, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection letters violate the FDCPA, and to recover damages for these violations, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Randy Zemeckis ("Zemeckis"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt allegedly owed to a hospital.

1

4.	Defendant, MiraMed Revenue Group, LLC, ("MiraMed"), is an Illinois limited liability company that, from its offices in Lombard, Illinois, acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, MiraMed was acting as a debt collector as to the debt it attempted to collect from Mr. Zemeckis.

5.	Defendant MiraMed is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, MiraMed conducts business in Illinois.

6.	Defendant MiraMed is licensed to act as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, MiraMed acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7.	Defendant MiraMed sent Mr. Zemeckis an initial form collection letter, dated March 12, 2010, demanding payment of a delinquent consumer debt owed to a hospital. A copy of this letter is attached as Exhibit C.

8.	Only 27 days later, Defendant MiraMed sent Mr. Zemeckis a second form collection letter, dated April 8, 2010, demanding payment for the same debt, which demanded that Mr. Zemeckis make "immediate payment" and "reply immediately with your payment". A copy of this letter is attached as Exhibit D.

10.	All of Defendant MiraMed's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant MiraMed's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g –
Overshadowing And/Or Ineffectively Conveying
The 30-Day Validation Notice**

12. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

13. Here, although Defendant MiraMed's first letter (Exhibit C) contains the notice required by § 1692g of the FDCPA, Defendant's second collection letter (Exhibit D) – sent on the 27th day of the 30-day validation period -- renders that validation notice ineffective. Specifically, MiraMed's demands, in its April 8, 2010 collection letter (Exhibit D) that Mr. Zemeckis make "immediate payment" and that he must "reply immediately with your payment", when, in fact, 3 days remained in the validation period, would confuse anyone, let alone the unsophisticated consumer, as to what their validation rights were, by creating confusion and a false sense of urgency. Defendant MiraMed's form collection letter thus violates § 1692g of the FDCPA. See, Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997); see also, § 1692g(b).

14. Defendant MiraMed's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

15. Plaintiff, Randy Zemeckis, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Edward Hospital, via the same form collection letters (Exhibits C and D), sent within 30 days of each other, that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letters violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

16. Defendant MiraMed regularly engages in debt collection, using the same form collection letters it sent Plaintiff Zemeckis, in its attempts to collect delinquent consumer debts from other persons.

17. The Class consists of more than 35 persons from whom Defendant MiraMed attempted to collect delinquent consumer debts by sending other consumers the same form collection letters it sent Plaintiff Zemeckis.

18. Plaintiff Zemeckis' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

19. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

20. Plaintiff Zemeckis will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Zemeckis has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Randy Zemeckis, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Zemeckis as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's form collection letters violate the FDCPA;

4. Enter judgment in favor of Plaintiff Zemeckis and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Randy Zemeckis, individually and on behalf of all others similarly situated, demands trial by jury.

> Randy Zemeckis, individually and on behalf of all others similarly situated,
>
> By:/s/ David J. Philipps_____
> One of Plaintiff's Attorneys

Dated: January 31, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com